| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 10 | |

| | | |
|---|---|---|
| 11 | JEFFREY BARCLAY, | No. 2:15-cv-0178 CKD P |
| 12 | Plaintiff, | |
| 13 | v. | <u>ORDER</u> AND |
| 14 | JEFFREY BEARD, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| 15 | Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's claim that defendant Polanco used excessive force against him in violation of the Eighth Amendment. (ECF No. 1 ("Compl."); <u>see</u> ECF No. 7.)

Before the court is defendant's June 4, 2015 motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies and, alternatively, for failure to state a claim. (ECF No. 15.) Plaintiff has filed an opposition, and defendant has filed a reply. (ECF Nos. 18 & 19.) For the reasons discussed below, the undersigned will recommend that defendant's motion to dismiss be denied.

I. <u>Rule 12(b)(6) Standard</u>

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

1

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).

II. Exhaustion Requirement

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that must be raised and proved by the defendant. Jones v. Bock, 549 U.S. 199, 216 (2007). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. at 218.

In the Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*).

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2013). The inmate is

1  required to complete a formal appeals process: (1) a first-level appeal, to be conducted by the
2  division head or his or her designee; (2) a second-level appeal, to be conducted by the hiring
3  authority or his or her designee; and (3) a third-level appeal, to be conducted by the Office of
4  Appeals in Sacramento, California. Id., § 3084.7. To begin the appeals process, an inmate must
5  use a CDCR form 602 and describe the specific issue and the relief requested. Id., § 3084.2(a).
6  The third-level appeal response constitutes the decision of the Secretary of CDCR, and completes
7  the appeals process. Id., § 3084.7(d)(3).

8        An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion
9  requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006). When an inmate's administrative
10 grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as
11 "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v.
12 Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's
13 administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th
14 Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005)
15 (plaintiff not required to proceed to third level where appeal granted at second level and no
16 further relief was available).

17 III.  The Complaint

18       Plaintiff alleges that, on March 22, 2013, he was assaulted by defendant Polanco at San
19 Quentin State Prison, while he was in restraints and complying with all orders. (Compl. at 3.)
20 The assault resulted in a 3/4-inch cut above plaintiff's left eye.[1] (Id.; see id. at 8-9.)

21       On the portion of the court's form concerning administrative remedies, plaintiff indicated
22 that he had filed an appeal concerning the facts in the complaint, but had not completed the
23 appeals process. (Id. at 2.) In the space provided for an explanation, plaintiff wrote:

> Plaintiff has been attempting exhaustion of remedies since 8/22/13.
> Defendants have constantly refused completion and on 12/29/14 the
> issue for a second time was sent back to San Quentin for resolution.
> Time restraints for filing will exceed before the projected
> completion of exhaustion of remedies.

---

[1] Elsewhere, plaintiff alleges that the cut was above his right eye. (Id. at 9.)

3

(Id.) In the body of the complaint, he described his attempts to exhaust administrative remedies, beginning with an appeal on May 2, 2013. (Id. at 9-10.)

Attached to the complaint are various documents, which the court may consider on a motion to dismiss.[2] "[M]aterial which is properly submitted *as part of the complaint* may be considered on a motion to dismiss." Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002) (emphasis in original).

Plaintiff attaches a copy of a CDCR Form 602 staff complaint dated May 2, 2013, Log No. SQ 13-1367. In it, he states that on March 22, he was "assaulted by a staff 3rd watch [Sergeant], name unknown. This resulted in a cut and blacked eye. ISU is currently investigating, having took a video of my injuries (Sgt. Polanco)." (Compl. at 41.) Attached documents indicate that the appeal was rejected at the first level of review on May 30, 2013 because it was "missing necessary supporting documents as established in CCR 3084.3." (Id. at 46.) Plaintiff was instructed to resubmit the appeal, along with another CDCR form ("1858 Rights and Responsibility State Form"), within 30 days. (Id.)

On July 31, 2013, plaintiff's appeal was again rejected at the first level, this time because plaintiff had "submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review." (Id. at 45.) The first level reviewer instructed plaintiff to "[a]ddress your issue first by a Form 22 to ISU." Plaintiff was advised that he could "re-submit your appeal for review/processing . . . (with or without the completed Form 22) and you will be provided additional time to obtain the completed Form 22." (Id.)

Plaintiff's appeal was again rejected on August 27, 2013. (Id. at 41.)

On December 11, 2013, plaintiff's appeal was accepted at the second level of review, where it was granted in part and denied in part. (Id. at 42.) On February 5, 2014, plaintiff indicated that he was dissatisfied with the second level response. He requested monetary damages and "a copy of the ISU video showing my injuries." (Id.)

---

[2] Many of these documents are not relevant to the issue of exhaustion and will be disregarded.

On March 6, 2014, CDCR's Office of Appeals, which conducts the third level of review, issued a letter to plaintiff rejecting his appeal for missing necessary supporting documents. (Id. at 17.)

On August 4, 2014, the Chief of the Office of Appeals issued a letter to plaintiff stating that that there had been "a considerable delay in responding to CDCR Form 22s, as well as getting appeal screen out letters and third level appeal decisions processed and mailed out." (Id. at 16.) The letter informed plaintiff that his appeal again had been rejected for missing necessary supporting documents. (Id.)

On October 9, 2014, the Chief of the Office of Appeals issued a letter to plaintiff, stating that the Office of Appeals had received his appeal and forwarded it to the Appeals Coordinator at San Quentin for further action.

> The Appeals Coordinator has 30 working days to complete the action requested by the Office of Appeals. If you have not received . . . notification of the further action taken within 30 days, you may file an appeal on the inaction with the institution.
>
> If you are not satisfied with the further action taken by the institution, please attach a second CDCR 602 to your appeal. . . for your amended appeal response. Sign and date, and resubmit to the Office of Appeals.
>
> Please note that time constraints apply for resubmitting your appeal. If dissatisfied with the amended Second Level Response, you must resubmit your complete appeal for Third Level Response within 30 calendar days of receiving the amended Second Level Response.

(Id. at 43.)

Plaintiff alleges that he returned the appeal to the third level of review on November 3, 2014. (Id. at 10.) He notes that, per state regulations, "[t]hird level appeal responses shall be completed within 60 days from the date of receipt by third level Appeals Chief." (Id.)

Plaintiff filed the instant action on January 22, 2015.

IV. Analysis

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the

5

defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

In his Rule 12(b)(6) motion, defendant cites attachments to the complaint to show there was an available administrative remedy and that plaintiff did not exhaust it. If this were a summary judgment motion, the burden would shift to plaintiff to show that this generally available remedy was "effectively unavailable" to him. "A prisoner may demonstrate that an administrative remedy was 'effectively unavailable' to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)).

In the complaint and its attachments, plaintiff shows that he attempted to exhaust administrative remedies as to the March 2013 incident between May 2013 and November 2014. Between February 2014 and January 2015, he attempted to obtain, and waited for, a third level decision that would complete the exhaustion process. Defendant argues that any delay is entirely plaintiff's fault because he repeatedly failed to file a proper appeal. Plaintiff points out that his appeal was accepted at the second level; however, after 19 months of submitting appeals and nearly two years after the incident, he gave up trying to obtain a third level response.

While plaintiff has not shown that a remedy was "effectively unavailable" to him, he has raised this as an issue that should be addressed on a full record at summary judgment.[3] This is not the rare case where failure to exhaust is clear on the face of the complaint.

////

---

[3] Attempting to meet his burden, plaintiff has filed "additional evidence in support of" his opposition (ECF Nos. 20 & 23), which defendant has moved to strike (ECF No. 22). The court will grant this motion, as evidence outside the complaint would properly come in on summary judgment.

IV. Failure to State a Claim

Defendant also argues that plaintiff fails to state a claim against sole defendant Polanco, citing inconsistencies in the record as to whether Polanco was the person who allegedly assaulted plaintiff and/or injured his eye.

In the body of the complaint, plaintiff identifies Sergeant Polanco as the person who entered his holding cage on March 22, 2013 and "grabbed plaintiff by the back of the neck and started to pound his head against the back wall" while plaintiff was in handcuffs, "split[ting] open" plaintiff's eye. (Compl. at 8-9.)

However, in his first 602 appeal filed May 2, 2013, plaintiff states: "I was assaulted by staff 3rd Watch Sergeant, name unknown. This resulted in a cut and blacked eye. ISU is currently investigating, having took video of my injuries (Sgt. Polanco)." (Id. at 41.)

Plaintiff also attaches documents to the complaint showing that he was in a fight with another inmate who hit him in the eye, days before the alleged excessive force. (Id. at 18.)

Defendant argues that "[t]hese two facts directly contradict Plaintiff's assertion that Sergeant Polanco caused the injury to plaintiff's eye. Plaintiff cannot feign ignorance of the name of the staff member who allegedly assaulted him, acknowledge he knows who Defendant Polanco is in the same paragraph, and then turn around almost two years later and say Defendant Polanco is the staff member who assaulted him when he files his Complaint." (Id. at 8.)

In opposition, plaintiff asserts that, when he filed the 602 appeal, he did not know the name of the Sergeant in question; however, the Investigative Services Unit (ISU) "disclosed that Sergeant Polanco was the duty sergeant assigned at the time of the assault." (ECF No. 18 at 2.) "Later encounters with the defendant confirm to the plaintiff that the defendant was the Sergeant involved." (Id. at 3.) Plaintiff does not address whether someone else hit him in the eye shortly before his alleged encounter with Polanco.

Construing the pleading in the light most favorable to plaintiff and resolving all doubts in his favor, the undersigned concludes that plaintiff has stated a claim against defendant Polanco. Attachments to the pleadings cast doubt on, but do not directly contradict, his allegations that defendant assaulted him in a holding cage on March 22, 2013.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike (ECF No. 22) is granted; and

2. The Clerk of Court shall assign a district judge to this action.

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 14, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / barc0178.mtd_ex