United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY BARCLAY,

    Plaintiff,

    v.

G. POLANCO,

    Defendant.

Case No. 15-cv-05864-JST (PR)

**SCHEDULING ORDER**

On January 22, 2015, plaintiff, an inmate at California State Prison–Sacramento, filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California. On March 4, 2015, the Eastern District found the complaint stated a cognizable Eighth Amendment excessive force claim against G. Polanco, a correctional officer at San Quentin State Prison, where plaintiff was previously incarcerated. In a November 10, 2015 order, entered after defendant Polanco was served, the Eastern District directed the parties to file all pretrial motions on or before May 13, 2016. On December 17, 2015, the Eastern District transferred the action to this Court pursuant to 28 U.S.C. § 1406(a).

The Court has reviewed plaintiff's January 22, 2015 complaint and agrees that, liberally construed, it states a cognizable Eighth Amendment excessive force claim against G. Polanco. Accordingly, the Court now sets the following briefing schedule:

1.     No later than **May 13, 2016**, defendant must file with the Court and serve upon plaintiff a motion for summary judgment. The motion for summary judgment also must be

1   accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what
2   is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
3   2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
4   served concurrently with motion for summary judgment).

5    2. Plaintiff's opposition to the summary judgment or other dispositive motion must be
6   filed with the Court and served upon defendant no later than **28 days** from the date the motion is
7   filed.

8    3. Defendant **shall** file a reply brief no later than **14 days** after the date the opposition
9   is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing
10  will be held on the motion.

11    4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the
12  Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
13  do in order to oppose a motion for summary judgment. Generally, summary judgment must be
14  granted when there is no genuine issue of material fact – that is, if there is no real dispute about
15  any fact that would affect the result of your case, the party who asked for summary judgment is
16  entitled to judgment as a matter of law, which will end your case. When a party you are suing
17  makes a motion for summary judgment that is properly supported by declarations (or other sworn
18  testimony), you cannot simply rely on what your complaint says. Instead, you must set out
19  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
20  as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations
21  and documents and show that there is a genuine issue of material fact for trial. If you do not
22  submit your own evidence in opposition, summary judgment, if appropriate, may be entered
23  against you. If summary judgment is granted, your case will be dismissed and there will be no
24  trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

25   (The *Rand* notice above does not excuse defendant's obligation to serve said notice again
26  concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

27    5. Any motion for an extension of time must be filed no later than the deadline sought
28  to be extended and must be accompanied by a showing of good cause.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

IT IS SO ORDERED.

Dated:  December 29, 2015

_____
JON S. TIGAR
United States District Judge